

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF CHRISTOPHER VONDERLIETH, <br><br> Plaintiff, <br><br> vs. <br><br> RIVERPORT INSURANCE CO., <br><br> Defendant. | CIV. 15-4192 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Comes now the Plaintiff, and for its cause of action states:

**Nature of the Suit**

Christopher VonDerLieth was employed by MFTS, Inc., a Sioux Falls, South Dakota company as an over the road trucker, when he was struck and killed in the course and scope of performing his duties in April 2014. Riverport Insurance Company denied coverage under MFTS, Inc.'s worker's compensation insurance policy claiming the policy had been cancelled four days before VonDerLieth's death. MFTS, Inc., can no longer be found. This suit is brought to determine whether coverage applies under the insurance policy issued by Riverport.

**Parties & Venue**

1. Plaintiff, Estate of Christopher VonDerLieth, is the successor in interest to all claims of Christopher VonDerLieth, who was a resident and citizen South Dakota at the time of his death.

2. Defendant, Riverport Insurance Company ("Riverport"), is a foreign insurance company authorized by the South Dakota Division of Insurance to do

1

business in this State, and it has irrevocably appointed the Director of the Division of Insurance as its attorney to receive legal process issued against it in South Dakota.

## Jurisdiction and Venue

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C § 1332 based upon diversity of the parties. The amount in controversy exceeds $75,000.

4. A substantial part of the events or omissions giving rise to this action occurred in Minnehaha County, South Dakota. Additionally, Riverport issued the insurance policy at issue in Minnehaha County, South Dakota, and therefore Riverport is subject to the Court's jurisdiction there. As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## Factual Background

5. Riverport issued a worker's compensation and employer's liability policy of insurance (the "Policy") to MFTS, Inc. ("MFTS") for the effective policy period of November 5, 2013 through November 5, 2014.

6. On or about April 18, 2014, and for some time prior thereto, VonDerLieth was employed by MFTS in Sioux Falls, South Dakota.

7. On or about the April 18, 2014, while VonDerLieth was employed by MFTS, VonDerLieth was struck and killed by a passing motorist while on the side of the road working on a semi-truck owned by MFTS.

8. VonDerLieth's death arose out of and in the course of his employment with MFTS.

9. Thereafter, and within less than three (3) days after the injury, MFTS and Riverport had actual knowledge of VonDerLieth's injury and death.

10. Upon information and belief, shortly after learning of VonDerLieth's death and during the summer of 2014, MFTS shut down its business operation and transferred its assets to another unknown company or companies.

11. On or about May 1, 2014, after having received notice of VonDerLieth's death, Riverport requested an extension of time to respond to a South Dakota Department of Labor inquiry regarding VonDerLieth's death.

12. On June 10, 2014, Berkley Assigned Risk Services, on behalf of Riverport, sent a letter to MFTS, denying coverage of VonDerLieth's claim and alleging that the Policy for workers' compensation insurance had been canceled prior to VonDerLieth's date of death.

13. Berkley Assigned Risk Services alleged that the Policy was canceled effective April 14, 2014, just four days before VonDerLieth's death.

14. Upon information and belief, Riverport did not properly cancel the Policy prior to VonDerLieth's death. Specifically, Plaintiff alleges Riverport did not provide notice to the South Dakota Department of Labor and Regulation as required under SDCL 58-20-14 and SDCL 58-33-59 through 58-33-65.1.

15. Because the required notice was never provided to the South Dakota Department of Labor and Regulation, the Policy was never effectively cancelled, such that benefits are available under the policy.

16. The Estate of Christopher VonDerLieth, as successor to VonDerLieth's interest, may lawfully enforce the liability of Riverport under the Policy in VonDerLieth's own name pursuant to SDCL 58-20-7.

## Cause of Action for Declaratory Judgment
## Existence of Worker's Compensation Coverage

17. The paragraphs above are re-alleged as if set forth fully herein.

18. The Policy issued by Riverport provides worker's compensation insurance and employer's liability insurance for bodily injury, including death, for employees of MFTS, so long as the injury or death occurs during the policy period.

19. VonDerLieth was an employee of MFTS at the time of his death.

20. Riverport purported to cancel the Policy, effective April 14, 2014.

21. South Dakota law requires that, for a cancellation to be effective, notice must be given to the South Dakota Department of Labor and Regulation.

22. Both the Policy and South Dakota law make it clear that the laws of South Dakota are incorporated into the terms of the Policy. See SDCL 58-20-2 and South Dakota Cancellation and Nonrenewal Endorsement to the Policy ("5. Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with the law.").

23. South Dakota law requires that insurance policies must be construed in accordance with the plain meaning of their terms, with all doubts resolved in favor of the insured. See Bielger v. American Family Mut. Ins. Co., 621 N.W.2d 592 (SD 2001).

24. In the workers' compensation context, if the statute has an ambiguity, it should then be liberally construed in favor of injured employees. See Hayes v. Rosenbaum Signs & Outdoor Advertising, Inc., 853 N.W.2d 878 (SD 2014).

25. The purported cancellation of the Policy was not effective because Riverport failed to notify the South Dakota Department of Labor and Regulation of the purported cancellation of the Policy prior to VonDerLieth's death.

4

26. VonDerLieth's death, therefore, occurred during the policy period.

27. No exclusions in the Worker's Compensation and Employers' Liability Policy issued by Riverport apply to limit coverage.

28. VonDerLieth, by his Estate, therefore, is entitled to benefits under the Policy, and Plaintiff seeks a declaration of these rights and status under 28 U.S.C. § 2201(a).

29. Plaintiff reserves the right to seek further necessary or proper relief under 28 U.S.C. § 2202 based on such a judgment, including a determination of the exact amount of coverage to which VonDerLieth is entitled, and an entry of a money judgment for that amount, unless such determination is made in another proceeding.

Dated this 23rd day of December, 2015.

_____
Rick L. Ramstad
CREW & CREW, P.C.
141 N. Main Avenue, Suite 706
Sioux Falls, SD 57104
605-335-5561

William D. Sims
ZIMMER, DUNCAN & COLE, LLP
5000 S. Broadband Lane, Suite 119
Sioux Falls, SD 57108
605-361-9840

*Attorneys for Plaintiff*

**Demand for Jury Trial**

Plaintiff demands a trial by jury on all issues that may be tried to a jury.

Dated this 23rd day of December, 2015.

5

_____
One of the Attorneys for Plaintiff